MANDATORY FORM PLAN Revised November 1, 2014

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO

| | | | |
|---|---|---|---|
| Debtor(s)'s Name: | **Jeffrey S Rose** | : | Case No. |
| | **Stephanie L Rose** | | |
| | | : | Chapter 13 |
| | | : | Judge |
| Debtor(s) | | | |

# CHAPTER 13 PLAN

☐ Amended Plan
**The filing of this Amended Plan shall supersede any previously filed Plan or Amended Plan and must be served on all adversely effected parties with a twenty-one (21) day notice attached. This Amended Plan may be further amended by Agreed Orders. Parties should check PACER to verify all the terms of the proposed plan as service copies of this Amended Plan may not show highlighted changes. Any changes in treatment (additions or deletions) from the original Plan to this Amended Plan must be highlighted in yellow or typed in red as to the Amended Plan filed at Court.**

**This is the Mandatory Dayton, Ohio Chapter 13 Plan of Reorganization. No deviation of the Plan is allowed pursuant to L.B.R. 3015-1(a)(1) and (2) unless requested by motion for leave to do so.**

**Debtor(s) is/are eligible for discharge under § 1328(f) unless otherwise marked below.**

| | |
|---|---|
| ☐ | Debtor is not eligible for discharge under § 1328(f) |
| ☐ | Joint Debtor is not eligible for discharge under § 1328(f) |

> You should read this Plan carefully. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral, both real and personal property, securing your claim, by providing for a treatment of your claim contrary to your current status, and/or by setting the interest rate on your claim. The confirmation hearing in this case shall include a valuation hearing pursuant to 11 U.S.C. §506(a) and Bankruptcy Rule 3012. The Court may confirm this case if no objection to confirmation is filed within fourteen (14) days after the §341 Meeting of Creditors is concluded [(L.B.R. 3015-3(a)].
>
> Your rights may be affected by the Plan and upon confirmation you will be bound by the terms of this Plan. You should read the provisions in this Plan carefully (especially the Special Plan Provisions and Non-Standard Provisions of Paragraph 19) to ensure that you protect your rights and understand the provisions of this Plan and file any appropriate response or objection in a timely manner pursuant to the guidelines set forth in this Plan, the L.B.R. or the Bankruptcy Code.

Creditors changing their "Notice' address or "Payment" address must file with the Clerk's Office a Notice of Changed Address in each case the address is changing.  A copy of this form is on the Trustee's website at: www.dayton13.com.

If this is a joint case, the estates will be consolidated for administration purposes, 11 U.S.C. §302(b).

1.     **Plan Payment and Length -** Within thirty (30) days of the filing of the Bankruptcy Petition, the Debtor(s) shall pay to the Trustee all projected disposable monthly income in the amount of $  **1,520.00**
(provisions for step plans should be made in paragraph 19.) each month and **the Plan must project for thirty-six (36) - sixty (60) months if Below Median Income and sixty (60) months if Above Median Income, unless 100%, but not to exceed five (5) years.**

☐ **Below Median Income:** Unless the allowed unsecured claims are paid 100%, the total plan payments shall not be less than the sum of 36 months in a Below Median Income case of confirmed monthly plan payments which are available for payment of administrative expenses and claims exclusive of the Trustee disbursed payments on continuing real estate mortgages; and, the plan will not terminate in any event earlier than the payment of ___% to each allowed pre-petition unsecured claim.

**OR (but NOT both paragraphs)**

☑ **Above Median Income:** Unless the allowed unsecured claims are paid 100%, the total plan payments shall not be less than the sum of 60 months in a Above Median Income case of confirmed monthly plan payments which are available for payment of administrative expenses and claims exclusive of the Trustee disbursed payments on continuing real estate mortgages; and, the plan will not terminate in any event earlier than the payment of  **4**  %  to each allowed pre-petition unsecured claim.

This provision does not prohibit the Debtor(s) from pre-paying the plan before 36 or 60 months of plan payments.

The length of the Plan will be determined from the time that the first payment under the original confirmed plan was due, which shall be deemed to be the first scheduled Section 341 Meeting of Creditors.

2.     **Effective Date of Plan and Modification of Plan -** The effective date of the plan shall be the date of the confirmation of a plan.

MANDATORY FORM PLAN Revised November 1, 2014

**3.** **Filing of Proof of Claim, Allowance and Payment of Claims** - Administrative expenses- Independent appraisals of real estate, as requested by the Debtor(s) herein, shall be paid as an administrative expense pursuant to 11 U.S.C. §503 upon the timely filing of a proof of claim.

**4.** **Pre-Confirmation Adequate Protection Payments and Lease Payments** – The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the Trustee to the below listed creditors without entry of an Order of the Court. The Debtor(s) proposing pre-confirmation payments will immediately commence plan payments to the Trustee by the §341 Meeting of Creditors by cashiers check, money order or certified check.  Creditors must file a proof of claim to receive payment. The Trustee is entitled to receive his fees on these payments.

| Name and Address of Creditor* | Property Description | Monthly Payment Amount |
|---|---|---|
| -NONE- | | |

**Note:  Adequate Protection Payments should provide an amount to offset any depreciation of the asset. A recommended amount is 1.5% of the amount to be paid in the plan and the amount must be stated in the "Monthly Payment Amount".**

**\*Paragraphs 5(D) or 5(E) must also be completed.  If you provide Pre-Confirmation Adequate Protection payments, you must also provide for monthly payments in paragraphs 5(D) or 5(E).**

**5.** **Classification of Claims and Sequence of Payments** - Subject to Item 4, all non-mortgage Class 1 payments should be calculated for payment beginning with the month of confirmation, if the Class 1 claim has been filed, otherwise from the month of the filing of the claim. Claims shall be classified and paid when allowed, except as otherwise herein provided or otherwise ordered by the Court, as follows:

<u>Class 1:</u> Scheduled claims for which the plan designates specific monthly payments –

  **A. Domestic Support Obligations:**
   **(1) Designate Priority Claims under §507(a)(1)(B)**
     (a) ☑ None
     (b) ☐ Trustee disburse ☐ Debtor disburse
     (c) The names, addresses and phone number of the holder of ANY domestic support obligation as defined in Section 101(14A) should be filled out below and on Schedule E of the Petition: (including child support, spousal support, debts ordered paid per separation agreement or divorce decree.)

| Name | Address, City, State and Zip Code | Telephone Number | State of the Child Support Enforcement Agency Which Has Jurisdiction | Monthly Payment Amount |
|---|---|---|---|---|
| | | | | |

     (d)  The Debtor(s) is/are required to pay all  post-petition domestic support obligations <u>directly</u> to the holder of the claim and <u>not</u> through the Chapter 13 Trustee.
     (e) If the Debtor(s) become(s) subject to a Domestic Support Obligation during the term of his or her Chapter 13 Plan, the Debtor(s) <u>shall</u> notify their attorney and the Chapter 13 Trustee's Office  and by Notice to the Court of the name, address and phone number of the holder of such obligation.

   **(2)  Arrearages owed to Domestic Support Obligation holders or governmental units under Section 507(a)(1)(A) and (B):**
     (a) ☑ None
     (b) ☐ Trustee disburse ☐ Debtor disburse
     (c) Name of holder of Domestic Support Obligation Arrearage Claim or assigned to or owed to a governmental unit and estimated arrears should be completed below and on Schedule E of the Petition:

| Name of Creditor | Estimated Arrearage Claim | State of the Child Support Enforcement Agency Which Has Jurisdiction | Monthly Payment Amount |
|---|---|---|---|
| | | | |

  **B. Regular mortgage payments secured by real estate** should be calculated for payment after confirmation starting the month after the filing of the petition.

  **C. Executory Contracts/Leases** (as disclosed on Schedule G)
  ☑ None.
  (1) The Debtor(s) **reject(s)** the following executory contract:

**REJECTION OF LEASE(S)**

| Name of Creditor | Property subject to executory contract |
|---|---|
| | |

**MANDATORY FORM PLAN Revised November 1, 2014**

Note: The creditor must timely file a proof of claim pursuant to B. R. 3002(c). Any lease rejection/ damages/deficiency amount may be asserted by the Creditor amending the timely filed proof of claim within 270 days of confirmation of this Plan or extended by further order of the Court upon a timely filed motion to extend the deadline.

(2) ☐ The Debtor(s) **assume(s)** the executory contract/lease(s) referenced below and provides for the regular contract/lease payment. **The assumption of the executory contract/lease is only as to the regular monthly payments and not the option to purchase which must be exercised pursuant to the Local Bankruptcy Rules and by separate pleading. The Trustee is authorized to only disburse the regular monthly payments and arrearage amount and not the option to purchase amount.**

Any pre-petition arrearage will be cured in monthly payments prior to the expiration of the lease as noted below:

### ASSUMPTION OF LEASE OF MOTOR VEHICLE(S)

| Name of Creditor | Property subject to executory contract/leases | Estimated arrearages on contract as of date of filing | Monthly payment to be made on contract arrearage | Regular number of contract payments remaining as of date of filing | Amount of regular contract payment | Trustee disburse (See LBR 3015-1(d)(2) |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

### ASSUMPTION OF LEASE OF PERSONAL PROPERTY

| Name of Creditor | Property subject to executory contract/leases | Estimated arrearages on contract as of date of filing | Monthly payment to be made on contract arrearage | Regular number of contract payments remaining as of date of filing | Amount of regular contract payment | Debtor disburse (See LBR 3015-1(d)(3) |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

Any Lease Payment will not be paid additional interest.

**D. Claims to Which Section 506 Valuation is NOT Applicable ("910" Claims):** Claims listed in this subsection consist of debts secured by a purchase money security interest in a: 1)vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, 2) if the collateral for the debt is personal property and the debt was incurred within 1 year of filing. The Proof of Claim will control as to the amount to be paid on the collateral.

| Creditor | Collateral | Purchase Date | Estimated Claim Amount | Interest Rate (Item 8 Unless Otherwise Specified) | Monthly Payment Including Interest |
|---|---|---|---|---|---|
| -NONE- | | | | | |

**E. Claims to Which Section 506 Valuation is Applicable:** Claims listed in this subsection consist of any claims secured by personal property not described in the above plan paragraph:

| Creditor | Collateral | Purchase Date | Value Amount | Interest Rate (Item 8 Unless Otherwise Specified) | Monthly Payment Including Interest |
|---|---|---|---|---|---|
| Freedom First Credit Union | 2010 Chevy Traverse | 7-25-11 | 16,876.00 | 4.75 | 328.97 |
| Universal 1 Credit Union | 2011 Chevy Cruze 121,000 miles Car was in accident on June 25 2015. Insurance is available to repair | 7-6-11 | 11,500.00 | 4.75 | 194.93 |

MANDATORY FORM PLAN Revised November 1, 2014

 **Note: The personal property shall be valued for purposes of §506(a) of the Code at the lower of the creditor's representation on its Proof of Claim or the Debtor's representation in above paragraph of the Chapter 13 Plan.**

**NOTE:** If sufficient funds are not available to make a full monthly payment on all the Class 1 claims, the available funds should be distributed to the Class 1 creditors on a pro rata basis based on the unpaid specific monthly payments due through that month's distribution.

**F. Surrender of Collateral and Relief from Stay.** Debtor(s) elect to surrender to the creditor(s) (include all parties that claim an interest in the surrendered real estate; including but not limited to all mortgages; liens; county taxing authorities and their assigns (tax certificates) and any person such as ex-spouse) listed below the personal or real property that is collateral for the claim. Upon confirmation of the Plan, the stay affecting this property shall be deemed modified to allow *in rem* disposition of the collateral to effect the surrender. The Creditor must timely file a proof of claim pursuant to B. R. 3002(c). Pursuant to L.B.R. 3001-1(d)(2), the Trustee will NOT pay on this claim to the listed creditors until the creditor files a deficiency claim. The deficiency claim shall be filed no later than 270 days from the date that the Plan is confirmed. If the deficiency claim is filed more than 270 days after the Plan is confirmed, then it shall be disallowed except upon further Order of the Court by the creditor filing timely a Motion to Extend Time or Motion to File Deficiency Claim Out of Time. The personal liability of the Debtor(s) shall be discharged upon completion of the Plan and the entry of Discharge.

| Name of Creditor | Collateral |
|---|---|
| -NONE- | |

**G. Administrative Claims such as Attorney's Fees to be paid their monthly payment prior to  all other per monthly payments listed in Class 1 (B), (C), (D) and (E) claims. If Class 1 monthly payments and attorney fees' payments (plus the Trustee's fees) exceed the Chapter 13 Plan payment, then attorney fees will be reduced.**

**Otherwise, to be paid in monthly amount as set forth below:**

Attorney Fees Requested to be paid by Trustee pursuant to the Application for Allowance of Fees, Form 2016-1, and Allowed by the Court are to be paid pursuant to Local Bankruptcy Rule L.B.R. 2016-1 or as funds are available.  The fees listed below MUST match the Application for Allowance of Fees in order to be paid.

**Post-petition approved Attorney Fees** will be paid at the same monthly amount unless otherwise provided for in the Order and after other Class 1 claims. **Creditors - Note that Court approved post-petition Attorney's Fees may affect your payments.**

| Amount Fee Requested | Fee Due in Plan | Monthly Amount (over at least 12 months) |
|---|---|---|
| 3,500.00 | 3,095.00 | 257.92 |

**Class 2:** Secured claims listed on Schedule D for which the plan does not provide specific monthly payments; and, any scheduled claim designated for inclusion in this class. This class may include mortgage arrearages, Certificates of Judgment and secured real estate taxes.  The listing of mortgage arrearage is an estimate only and will be paid pursuant to the filed Proof of Claim subject to the claims objection process. **Paid only after Class 1 claims are paid current. If no value is given in this Plan for a Class 2 claim, the value for a Class 2 secured claim is the lower of the claimant's representation on its proof of claim or the Debtor(s)'s representation as set forth on "Schedule D - Creditors Holding Secured Claims". L.B.R. 3012-1(a).**

**Class 3:** Priority Claims listed on Schedule E for inclusion in this class.  Paid only after Class 2 claims are paid in full.

Section 1322(a) of the Bankruptcy Code provides that all claims entitled and filed as priority under Section 507(a) shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claim except for a priority claim under Section 507(a)(1)(B).  It is further provided that any and all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, shall be treated as a general unsecured claim and not entitled to priority.

**Class 4:** Reserved

**Class 5:** All other pre-petition claims, including unsecured claims not otherwise part of another class, the under secured portion of secured claims and the non-priority tax claims as set forth in Item 18.
Distributions on the claims in this Class 5 shall be –

(A) Paid after Classes 2 and 3 are paid in full and after Class 1 claims are paid current.

**Class 6:** Post-petition claims will be paid at the Trustee's discretion depending on availability of funds and length of plan.

**Class 7:** Scheduled claims which are to be paid by a non-Debtor(s) and are not to be paid by the Trustee or the Debtor(s).

**Class 8:** Scheduled claims which are not to be paid by the Trustee or the Debtor(s).

**Class 9:** Scheduled claims on which the payments are to be disbursed by the Debtor(s).

MANDATORY FORM PLAN Revised November 1, 2014

6.  **Secured Claims (Valuation of Collateral, Interest Rates, Lien Retention and Release, and Surrender of Property) -**

(A) With respect to each allowed secured claim, unless the holder of the claim has accepted a different treatment of the claim, or the Debtor(s) propose(s) to surrender the property securing the claim to such holder, **the holder of each allowed secured claim shall retain the lien securing such claim until the secured and unsecured claim is paid,** and shall be paid an amount that is not less than the allowed amount of such claim, plus interest at the rate hereinafter set forth on the unpaid balance of the allowed secured claim.

(B) The allowed amount of a secured claim shall be the lesser of the value of the property securing the claim or the amount of the allowed claim as of the date of the filing of the petition. The value of personal property securing the claim shall be the value as scheduled by the Debtor(s), unless otherwise ordered.

7.  **Unsecured Claims** -Unsecured claims shall be paid in a manner that provides the same treatment for each claim within a particular class.

8.  **Interest** –

(A) The interest rate to be paid on allowed Class 1 and Class 2 secured claims, including pre-petition real estate mortgage arrearages, if appropriate, shall be based on the national prime rate plus the appropriate risk factor of **1.5%** from the date nearest to the approximate date of confirmation of the plan unless otherwise specified in the Plan. The rate will be determined as shown in the *Wall Street Journal* for Money Rates. The actual amount of interest paid will be calculated by the Trustee in the Trustee's reasonable and customary administration procedures.

(B) Except as provided by subparagraph (D), interest shall not commence on any claim until the later of the allowance of the claim or the effective date of the plan.

(C) No interest shall be paid on any unsecured claim unless specifically provided for by the plan, **except** as provided by operation of law.

(D) No interest shall be paid on any pre-petition mortgage arrearage as part of the cure of the default if the mortgage was entered into after October 22, 1994.

(E) Paragraph (A) above will not apply to tax claims filed. The interest on tax claims shall be determined by 11 U.S.C. §511(a) as set forth in the creditor's timely filed proof of claim. The interest rate shall be determined under applicable non-bankruptcy law. Any different treatment on the interest rate must be clearly set forth in Special Plan Provisions, Paragraph 19.

9.  **Vesting of Property in Debtor(s)** -All property of the estate shall not vest back to the Debtor(s) after confirmation, but shall remain property of the estate until the case is dismissed, discharged or converted unless otherwise stated by Order of the Court.

10. **Sale of Real Estate** – Upon the filing of the appropriate motion and pursuant to Local Bankruptcy Rules, any scheduled real estate may be sold during the life of the plan. Any sale shall be subject to approval of the Court. Mortgages and liens shall be canceled of record upon payment of the mortgages and liens. If the real estate sold is the Debtor(s)'s residence a portion of the sale proceeds may be paid to the Debtor(s) for relocation expenses.

11. **Real Estate Taxes** - Allowed real estate tax claims to be disbursed by the Trustee will be only those real estate taxes due and payable, without penalty, as of the date of the filing of the petition. Real estate taxes payable after the date of the filing of the petition will be disbursed by the Debtor(s).

12. **Designation and Payment of Special Classified Class of Unsecured Claim** –

**Below Median Income Case** - If any unsecured consumer debt (i.e., cosigned debt, student loan) is proposed to be paid in whole including contract rate of interest, or in part after the completion of payment of all other unsecured claims, such payment shall not commence until  after the payment of the confirmed percent of the general unsecured claims or the completion of 36 months of plan payments, whichever is greater. This debt is to be set forth in Item 19.

13. **Trustee Discretion on Distributions** - The Trustee is authorized within his discretion to calculate the amount and timing of distributions as is administratively efficient.

14. **Personal injury claims, workers compensation claims, social security claims and miscellaneous claims of the Debtor(s) -** The Debtor(s) shall keep the Trustee informed as to any change in status of any claim for personal injury, workers compensation, social security, buyouts, severance packages, inheritance or any other claim to which Debtor(s) may be entitled. Before the claim can be settled and distributed, the Debtor(s) must comply with all requirements for filing applications and motions for settlement with the Court as required by the Bankruptcy Code and Local Rules. These funds shall be treated as additional plan payments to increase the dividend for unsecured creditors unless otherwise provided in the motion and order. The Debtor(s)' case will not complete until the claim has been settled and shall remain open for administration purposes until the claim has been paid into the plan or the Court so otherwise orders.

MANDATORY FORM PLAN Revised November 1, 2014

15.     **Casualty Loss Insurance Proceeds (Substitution of Collateral)** - If a motor vehicle is substantially damaged while there is still an unpaid secured claim which is secured by the vehicle, the Debtor(s) shall have the option, upon the filing of the appropriate motion, of using the proceeds of any insurance payable due to loss of the vehicle to either repair the vehicle, pay off the balance of the secured claim through the Trustee's Office if the secured creditor is a named loss payee on the policy, with any balance of the proceeds after secured and unsecured claims have been paid, refunded to Debtor(s) up to the exempt amount claimed by the Debtor(s) or to substitute collateral by purchasing a replacement vehicle. If any amount of proceeds exists after paying the secured and unsecured claims and exemption, said proceeds shall be paid into the plan as additional plan payments unless otherwise specified in the Motion and Order to Retain Insurance Proceeds. If a replacement vehicle is purchased the vehicle will have a value not less than the balance of the unpaid secured claim and the lien of the creditor will be transferred to the replacement vehicle and the Trustee will continue to pay the allowed secured claim.

16.     **Utility Deposits** - The plan provides adequate assurance of payment pursuant to 11 U.S.C. §366. Any utility requiring a security deposit shall forward written notice of the security deposit to the Debtor(s)' counsel. The security deposit demand shall comply with PUCO requirements. The security deposit demand shall be paid as an administrative expense by the Chapter 13 Trustee, through the plan after confirmation and upon the filing of a proof of claim for a security deposit demand by the utility. No utility shall discontinue service to Debtor(s) after filing of the petition for failure of the Debtor(s) to pay a security deposit.

17.     **Tax Returns and Refunds** - If Debtor(s) are required to submit their Internal Revenue Service tax returns and refunds, Debtor(s) shall submit the returns to the Trustee by April 30th of each required year and the refunds must be turned over to the Trustee by June 1st of each required year. Said refunds shall first be used to satisfy the prepetition secured and priority claims of the I.R.S. and then as additional plan payments to increase the dividend for unsecured creditors. Any Motions to Use Tax Proceeds shall be filed by June 1st or failure to follow these provisions may result in sanctions or dismissal of your case. Said motion shall be considered a modification to the confirmed plan and served accordingly.

18.     **PLAN FOR REAL ESTATE**
        **NOTE: If the intent of the Debtor(s) is to file an adversary proceeding to cram down a wholly unsecured junior mortgage, said adversary proceeding SHOULD be filed within thirty (30) days of confirmation and an objection to the Proof of Claim must also be filed to prevent the Trustee from paying on the claim.**

        **(A) Mortgage Proof of Claim.** If regular monthly payments to a mortgage creditor are to be disbursed by the trustee, or there is an arrearage as of the petition filing date, the mortgage proof of claim shall include Official Form B10 Mortgage Proof of Claim Attachment.

        **(B) Change in Regular Monthly Payments to Mortgage Creditor.** If there is any change in the regular monthly payment, the mortgage creditor shall file with the court Official Form B10 (Supplement 1) Notice of Mortgage Payment Change as a supplement to the proof of claim and serve the Debtor(s), Debtor(s)' attorney and Chapter 13 Trustee no later than twenty-one (21) days prior to the effective date of the change. The form is required whether the security interest is in the Debtor(s)' principal residence or other piece of real property. This form may be found as part of the Local Bankruptcy Rules for the Southern District of Ohio or the Dayton Chapter 13 website: www.dayton13.com. Absent objection, and thirty (30) days after the Notice of Intent to Pay Claim has been served, **the Trustee will modify, if needed to timely complete the Plan, the monthly Chapter 13 plan payment in accordance with the Notice of Mortgage Payment Change or Proof of Claim and Notice of Intent to Pay Claim provided.**

        **(C)** Any assessments, fees, costs, expenses or other monetary amounts, exclusive of principal, interest, taxes and insurance that arose from the date of the filing of the bankruptcy petition to the entry of the Order of Discharge assessed by any creditor against either the Debtor(s) or the real property of the Debtor(s) may be assessed, charged or collected only upon the filing of a "Notice of Post-Petition Mortgage Fees, Expenses and Charges" (Form B10, Supplement 2).The Mortgage Servicer, or Mortgage Claimant, shall perform an annual escrow analysis and shall file yearly a Notice of Payment Change with a copy of the escrow analysis showing the taxes and insurance paid for the prior year consistent with 12 U.S.C. §2609(c)(2)(A) and (B).

        **(D)** No late charges, fees or other monetary amounts shall be assessed on the timing of any payments made by the Trustee under the provisions of the Plan, unless allowed by Order of the Court.

        **(E) Valuation of real estate is set at confirmation unless the appraisal is not filed per L.B.R. 3015-3 (e)(3) prior to the actually held 341 Meeting of Creditors or properly served upon the effected creditors pursuant to B.R. 7004.** The confirmation hearing will include a Section 506(a) or B.R. 3012 valuation hearing if a creditor disputes the value and objects pursuant to the requirements of the Local Bankruptcy Rules. If no objection is timely filed, the value as set forth in the Chapter 13 Plan and/or filed Appraisal will be binding upon confirmation of the Chapter 13 Plan.

| Property Address | Treatment of Appraisal |
|---|---|
| **10298 Greenbush Rd**<br>**Camden Ohio 45311** | ☑ Appraisal Attached and Value is **$75,000.00**<br>☐ Appraisal is to be served per L.B.R. 3015-(e) |

NOTE: If the Appraisal is not served timely pursuant to B. R. 3015-3(e)(3) but prior to the confirmation of hearing, then the debtor shall serve the Appraisal pursuant to B. R. 7004 on all affected creditors AND provide a TWENTY-ONE day objection period and NOTICE.

MANDATORY FORM PLAN Revised November 1, 2014

**(F)  Mortgage Loan Modifications**

If a Mortgage Loan Modification has been approved **prior to the filing of the Chapter 13 Petition** by the Mortgage Creditors, the approval documents must be provided to the Trustee at least seven (7) days prior to the Meeting of Creditors. The Loan Modification will control as to the revised numbers. If the Loan Modification is pending, then Local Bankruptcy Rules will control and the mortgage will be paid through the Trustee. If there is an arrearage at the time of the filing of the Chapter13 Petition, then the mortgage will remain being paid through the Trustee's Office even if the subsequent Loan Modification states the arrears will be paid at the end of the mortgage. Forms for the Motion for Loan Modification are found on the Trustee's website at: www.dayton13.com.

**(G) Mortgage Payments Paid Directly by Debtor(s)**

Regular monthly payments on the following mortgage claims will be paid directly by the Debtor(s) if the mortgage payments are current at the time of the filing of the Petition:

| Creditor | Property Address | Monthly Mortgage Payment |
|---|---|---|
| -NONE- | | |

**(H) Mortgage Payments Through the Trustee**

    1. Interest will NOT be paid on the mortgage claim unless otherwise noted in Paragraph 19;

    2. Arrearages shall be paid as a Class 2 creditor and below is only an estimate as the total amount filed on the Proof of Claim, subject to objections, shall determine the actual arrearages.

    3. Any Special Treatment must be addressed in Paragraph 19, "Special Plan Provisions" .

| Creditor | Property Address | Residence | Monthly Mtg Payment | If Arrears Total Amount |
|---|---|---|---|---|
| Citimortgage Inc | 10298 Greenbush Rd Camden Ohio 45311 | ✓ | 718.00 | 4,078.00 |

**(I) Liens and/or Mortgages to be Paid as Unsecured Claims.**

The following claims secured by a lien and/or mortgage will be paid as unsecured claims concurrent with Class 5 general unsecured claims. Debtor(s) shall file a separate motion or adversary proceeding to determine: (i) whether the property listed below vests free and clear of the lien(s) and/or mortgage(s) pursuant to §1327 or (ii) whether the lien(s) and/or mortgage(s) listed below may be avoided pursuant to other applicable provisions of the Bankruptcy Code. Debtor(s) has/have standing and authority to file the motion or adversary proceeding; to the extent that the Trustee has standing to bring such action, standing is hereby assigned to Debtor(s).

| Creditor | Property Address |
|---|---|
| -NONE- | |

**(J) Liens and/or Mortgages Which May Be Modified.**

Liens and/or mortgage claims listed in this subsection consist of any claims secured by real property t*hat is not the Debtor(s)' principal residence* or secured by other assets in addition to the residence. To the extent the claim of the lien holder and/or the mortgage claim holder is in excess of the value of the estate's interest in the collateral, the balance shall be treated as a Class 5 general unsecured claim. Unless otherwise stipulated or determined by order of the Court, the real property shall be valued for purposes of §506 as set forth by Debtor(s) below.

| Creditor | Property Address | Value of Collateral | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**19.**    **The Special Plan Non-Standard Provisions** listed below, if any, are restricted to those items applicable to **Debtor(s)' particular circumstances**. NOTE: Special Plan Provisions shall **NOT** contain a restatement of provisions of the Bankruptcy Code or local or national rules of bankruptcy procedures, nor shall this section contain boilerplate language regarding the treatment of mortgages, mortgage arrearages, proofs of claim, consumer protection provisions or similar matters. Any non-standard provisions are required to be set forth below.

| Special Provisions: | |
|---|---|
| | |
| | |

**A. Avoiding Lien, Mortgage or Judgments -** Debtor(s) are filing an Adversary Proceeding/ Motion to avoid the mortgage/ judgment lien of Creditor on the property as listed below. Said action should be filed within thirty (30) days of confirmation. Creditor shall release the mortgage/ lien upon completion of the Plan as evidenced by the Chapter 13 Trustee's Certification of Final Payment and Case History. In the event of failure of the Creditor to execute and deliver the release of the mortgage or lien within thirty (30) days after the plan completion as evidenced by the Chapter 13 Trustee's Certification of Final Payment and Case History in the instant case, Debtor(s) may present a certified copy of this Court's Order regarding the mortgage or lien to the Office of the County Recorder of the proper county and said document will act as a release with regards to the mortgage or lien.

**MANDATORY FORM PLAN Revised November 1, 2014**

| Name of Creditor | Description of Property |
|---|---|
| **-NONE-** | |

**20.    Method of Plan Payment -** The Debtor(s) acknowledge(s) they have been informed that the Local Bankruptcy Rules require payments to be **MADE BY WAGE DEDUCTION** unless otherwise authorized by the Trustee at the Meeting of Creditors or ordered by the Court. The Debtor(s) acknowledge they are required to pay the first plan payment **to the Trustee's lockbox by the time of the Meeting of Creditors by Certified Check, Cashier's Check or Money Order** and to continue to pay the proposed plan payments until otherwise ordered by the Court or notified in writing by the Trustee. If the Debtor(s) is/are employed and has sufficient wages, the wage deduction will commence upon Court order. **It is understood by the Debtor(s) that for any pay period when the plan payments are not deducted from the Debtor(s)' wages that the Debtor(s) shall pay the payment to the Trustee at his lockbox by Certified Check, Cashier's Check, or Money Order.**

  **Pay Frequency of Debtor(s) for Wage Deductions:**

  $ __ or __% of the plan payment is to be deducted from the Debtor(s)' wages.
  Debtor(s) is paid ☐ Weekly ☑ Monthly ☐ Semi-monthly ☐ Bi-weekly

  $__ or __% of the plan payment is to be deducted from the Joint Debtor(s)' wages.
  Debtor is paid ☐ Weekly ☐ Monthly ☐ Semi-monthly ☐ Bi-weekly

**Signatures(s) of Debtor(s) (Individual/Joint)**
I declare under penalty of perjury that the information provided in this plan is true and correct.

| **Jeffrey S Rose** | | **Stephanie L Rose** |
|---|---|---|
| **/s/ Jeffrey S Rose** | | **/s/ Stephanie L Rose** |

Dated:  **July 10, 2015**          Dated:  **July 10, 2015**

**Case Attorney**
 **/s/ Michael G Weller**

Dated:  **July 10, 2015**
I declare under penalty of perjury that the information provided in this Plan is true and correct.

14-13R
File No. 14-13R

January 16, 2014

Attorney Michael G. Weller
2121 Miamisburg Centerville Road
Dayton, OH 45459

File Number:  14-13R

In accordance with your request, I have appraised the real property at:

10298 Greenbush Road
Camden, OH  45311

The purpose of this appraisal is to develop an opinion of the defined value of the subject property, as improved.
The property rights appraised are the fee simple interest in the site and improvements.

In my opinion, the defined value of the property as of   January 15, 2014                          is:

$75,000
Seventy-Five Thousand  Dollars

The attached report contains the description, analysis and supportive data for the conclusions,
final opinion of value, descriptive photographs, assignment conditions and appropriate certifications.

Randolf Compton

## Restricted Use Residential Appraisal Report

File No. 14-13R
File No. 14-13R

**PURPOSE**

This report is limited to the sole and exclusive use of the client. The appraiser's opinions and conclusions set forth in this report may not be understood properly without additional information in the appraiser's workfile. The content of this appraisal report is provided to the client with a credible understanding of the defined value of the subject property, given the intended use of the appraisal.

Client  Attorney Michael G. Welter    E-mail  welterlaw@bizwoh.rr.com

Client Address  2121 Miamisburg Centerville Road    City Dayton    State OH    Zip 45459

Intended Use Estimate of market value to be used in connection with a bankruptcy filing for Jeff S. & Stephanie L. Rose

**SUBJECT**

Property Address 10298 Greenbush Road    City Camden    State OH    Zip 45311

Other Description (APN, Legal, etc.), if applicable    Legal description: Lot #5 Richards Place Subd  Parcel #: C074-324-401-000-050-00

Property Rights Appraised  [X] Fee Simple  [ ] Leasehold  [ ] Other (describe)

Subject property existing use:  Single Family Residential    Use reflected in appraisal:  Single Family Residential

Highest and Best Use:  [X] Existing  [ ] Other:

**SALES HISTORY**

My research [ ] did  [X] did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.

Prior Sale/Transfer:   Date NA    Price NA    Source(s) Preble County Records

Analysis of prior sale transfer history of the subject property (and comparable sales, if applicable)    The subject property has not sold or transferred during the previous three year period from the date of this appraisal assignment. Comparable #1 transferred to the lender March 1, 2013 for $46,667. Comparable #2 recorded a cashless transfer of ownership on July 8, 2013.

**COMMENTS**

Offerings, options and contracts as of the effective date of the appraisal    The subject property is not currently under contract and is not currently listed on the open market.

Marketability Comments:  Mortgage rates are currently at historic lows, making home ownership an attractive option. Credit markets, however, have tightened thereby limiting access to some mortgage products. Median sales prices have generally declined throughout the southwest Ohio region during the previous five year period. In the subject property's market area, however, median sales prices have remained stable during the previous two year period ending January 1, 2014, with a median sales price of $102,000 during the previous twelve month period.  Sales of lender-owned dwellings represent approximately 15% of market activity during the previous twelve month period, negatively affecting both average and median sales prices in the market area.

Site Comments:  See Attached Addendum

Improvement Comments:  An exterior-only appraisal of the subject property was performed. The subject is a one-story dwelling, and according to Preble County records was built in 1994 with 1296 square feet of gross living area, and includes 3 bedrooms and 2 baths, and is located on an approximate 1.55 acre lot. The exterior of the subject appears adequately maintained, with no significant deferred maintenance evident. The overall condition of the subject property is considered average for the market area.

**SALES COMPARISON APPROACH**

| FEATURE | SUBJECT | COMPARABLE SALE NO. 1 | | COMPARABLE SALE NO. 2 | | COMPARABLE SALE NO. 3 | |
|---|---|---|---|---|---|---|---|
| | 10298 Greenbush Road | 5840 Gratis Road | | 120 High Street | | 9043 Pleasant Valley Road | |
| Address | Camden, OH 45311 | Camden, OH 45311 | | Gratis, OH 45330 | | Somerville, OH 45064 | |
| Proximity to Subject | | 3.85 miles W | | 3.86 miles NW | | 0.98 miles WSW | |
| Sale Price | $ N/A | | $ 63,000 | | $ 82,000 | | $ 84,000 |
| Sale Price/Gross Liv. Area | $ 0.00 sq. ft. | $ 48.61 sq. ft. | | $ 68.56 sq. ft. | | $ 70.00 sq. ft. | |
| Data Source(s) | Exterior Insp. | MLS---236 DOM | | MLS---67 DOM | | MLS---241 DOM | |
| Verification Source(s) | CoRecords | Preble County Records | | Preble County Records | | Preble County Records | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing | N/A | RHS | | RHS | | RHS | |
| Concessions | N/A | None Known | | None Known | | None Known | |
| Date of Sale/Time | N/A | 01-02-2014 | | 11-25-2013 | | 05-31-2013 | |
| Location | N/A | Gratis Twp | | Gratis Village | | Gratis Twp | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 1.55 Acres/Avg. | 1.61 Acres/Avg. | | 1.03 Acres/Avg. | 2,000 | 0.40 Acres/Avg. | 5,000 |
| View | Avg./SHs/Rural | Avg/SHs/Rural | | Avg./Sim.Hous. | Equal | Avg./Sim. Hous. | |
| Design (Style) | 1-Story/Average | 1-Story/Average | | 1-Story/Average | | 1-Story/Average | |
| Quality of Construction | Average/Frame | Average/Frame | | Average/Frame | | Average/Frame | |
| Actual Age | 20 Years | 21 Years | Equal | 6 Years | -5,000 | 56 Years | Equal |
| Condition | Average | Fair | 5,000 | Good | -5,000 | Good | -5,000 |
| Above Grade | Total Bdrms Baths | Total Bdrms Baths | | Total Bdrms Baths | | Total Bdrms Baths | |
| Room Count | 5 3 2.00 | 6 3 2.00 | | 5 3 2.00 | | 6 3 2.00 | |
| Gross Living Area | 1,296 sq. ft. | 1,296 sq. ft. | | 1,196 sq. ft. | 1,500 | 1,200 sq. ft. | 1,500 |
| Basement & Finished | Crawl Space | Crawl Space | | Slab | | Slab | |
| Rooms Below Grade | NA | NA | | NA | | NA | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | BB/None | BB/None | | BB/None | | FA/CA | -1,500 |
| Energy Efficient Items | Insul. Windows | Insul. Windows | | Insul. Windows | | Insul. Windows | |
| Garage/Carport | None | 2-Car Detached | -3,000 | 1-Car Attached | -1,500 | 3-Car Detached | -5,000 |
| Porch/Patio/Deck | Porch, Deck | Porch | 2,000 | Porch | 2,000 | LgPorch | 1,000 |
| Net Adjustment (Total) | | [X]+ [ ]- $ 4,000 | | [ ]+ [X]- $ 6,000 | | [ ]+ [X]- $ 4,000 | |
| Adjusted Sale Price | | Net Adj. 6.3% | | Net Adj. -7.3% | | Net Adj. -4.8% | |
| of Comparables | | Gross Adj. 15.9% $ 67,000 | | Gross Adj. 20.7% $ 76,000 | | Gross Adj. 22.6% $ 80,000 | |

Summary of Sales Comparison Approach  An extensive search was conducted for sales similar to the subject property. The search was extended back 2 years, and included all similar sizes and quality dwellings throughout southeastern Preble County. Lack of recent similar sales resulted in the use of Comparable #3, which is over 6 months old. All three sales are of similar size ranch-style dwellings located in the subject property's market area/Preble-Shawnee School District. The comparables selected offer similar utility and locational amenities, and are considered to be good indicators of market value for the subject property. Based on the most recent MLS listings, Comparable #1 was lender-owned and considered condition inferior to the subject. Also based on the most recent MLS listings, Comparables #2 and #3 have been recently improved/updated, and are considered condition superior to the subject. The final value is well supported.

Produced using ACI software, 800 234 8727 www.aciweb.com
Page 1 of 3

This form Copyright © 2006-2010 ACI Division of ISO Claims Services, Inc. All Rights Reserved.
(GPAR™) General Purpose Appraisal Report  01/2008
GPAR6ES2_08041/2008

gpar

## Restricted Use Residential Appraisal Report

File No. 14-13R

**RECONCILIATION**

Methods and techniques employed: [X] Sales Comparison Approach [ ] Cost Approach [ ] Income Approach [ ] Other:

Discussion of methods and techniques employed, including reason for excluding an approach to value:   The Cost Approach was not considered applicable due to the difficulty in estimating depreciation of a 20 year old dwelling.  The Income Approach is not considered applicable as the subject property is located in a predominantly owner-occupied neighborhood.

Reconciliation comments:  Total weight is given to the Sales Comparison Approach as if best reflects the attitudes of buyers and sellers in today's real estate market.

Based on the scope of work, assumptions, limiting conditions and appraiser's certification, my (our) opinion of the defined value of the real property that is the subject of this report as of    January 15, 2014   , which is the effective date of this appraisal, is:

[X] Single point $  75,000        [ ] Range $ _____ to $ _____    [ ] Greater than [ ] Less than  $ _____

This appraisal is made [X] "as is," [ ] subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed,
[ ] subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed,    [ ] subject to the following:

**CERTIFICATION**

**Appraiser's Certification**

The appraiser(s) certifies that, to the best of the appraiser's knowledge and belief:

1. The statements of fact contained in this report are true and correct.
2. The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are the appraiser's personal, impartial, and unbiased professional analyses, opinions, and conclusions.
3. Unless otherwise stated, the appraiser has no present or prospective interest in the property that is the subject of this report and has no personal interest with respect to the parties involved.
4. The appraiser has no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.
5. The appraiser's engagement in this assignment was not contingent upon developing or reporting predetermined results.
6. The appraiser's compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.
7. The appraiser's analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the *Uniform Standards of Professional Appraisal Practice.*
8. Unless otherwise noted, the appraiser has made a personal inspection of the property that is the subject of this report.
9. Unless noted, no one provided significant real property appraisal assistance to the appraiser signing this certification.  Significant real property appraisal assistance provided by:

**Additional Certifications:**

**TYPE AND DEFINITION OF VALUE**

Type of Value:    [X] Market Value    [ ] Other Value:
Source of Definition:    USPAP
Definition of Value:  The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus.  Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he or she considers his or her own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) the payment is made in terms of cash in U.S. Dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions granted by anyone associated with the sale.

**SIGNATURE**

| APPRAISER | CO-APPRAISER |
|---|---|
| Signature: | Signature: |
| Name: Randolf Compton | Name: |
| State Certification # 2008002573 | State Certification # |
| or License # | or License # |
| or Other (describe):          State #: | State: |
| State: OH | Expiration Date of Certification or License: |
| Expiration Date of Certification or License: 03/26/2014 | Date of Signature: |
| Date of Signature and Report: 01/16/2014 | Date of Property Viewing: |
| Date of Property Viewing: 01/15/2014 | Degree of property viewing: |
| Degree of property viewing: | [ ] Interior and Exterior  [ ] Exterior Only  [ ] Did not personally view |
| [ ] Interior and Exterior  [X] Exterior Only  [ ] Did not personally view | |

qpar

Produced using ACI software, 800.234.8727 www.aciweb.com    Page 2 of 3

RC Appraisals

Itendium Copyright © 2005-2010 ACI Division of ISO Claims Services, Inc. All Rights Reserved.
(qPAR™) General Purpose Appraisal Report  GWO008
GPPAR3L2_09 03112008

Restricted Use Residential Appraisal Report    File No. 14-13R

File No. 14-13R
14-13R

### Scope of Work, Assumptions and Limiting Conditions

Scope of work is defined in the Uniform Standards of Professional Appraisal Practice as " the type and extent of research and analyses in an assignment." In short, scope of work is what the appraiser did and did not do during the course of the assignment. It includes, but is not limited to: the extent to which the property is identified and inspected, the type and extent of data researched, the type and extent of analyses applied to arrive at opinions or conclusions.

The scope of this appraisal and ensuing discussion in this report are specific to the needs of the client and to the intended use of the report. This report was prepared for the sole and exclusive use of the client for the identified intended use and its use by any other parties is prohibited. The appraiser is not responsible for unauthorized use of the report.

The appraiser's certification appearing in this appraisal report is subject to the following conditions and to such other specific conditions as are set forth by the appraiser in the report. All extraordinary assumptions and hypothetical conditions are stated in the report and might have affected the assignment results.

1. The appraiser assumes no responsibility for matters of a legal nature affecting the property appraised or title thereto, nor does the appraiser render any opinion as to the title, which is assumed to be good and marketable.  The property is appraised as though under responsible ownership.

2. Any sketch in this report may show approximate dimensions and is included only to assist the reader in visualizing the property.  The appraiser has made no survey of the property.

3. The appraiser is not required to give testimony or appear in court because of having made the appraisal with reference to the property in question, unless arrangements have been previously made thereto.

4. Neither all, nor any part of the content of this report, copy or other media thereof (including conclusions as to the property value, the identity of the appraiser, professional designations, or the firm with which the appraiser is connected), shall be used for any purposes by anyone but the client and other intended users as identified in this report, nor shall it be conveyed by anyone to the public through advertising, public relations, news, sales, or other media, without the written consent of the appraiser.

5. The appraiser will not disclose the contents of this appraisal report unless required by applicable law or as specified in the Uniform Standards of Professional Appraisal Practice.

6. Information, estimates, and opinions furnished to the appraiser, and contained in the report, were obtained from sources considered reliable and believed to be true and correct. However, no responsibility for accuracy of such items furnished to the appraiser is assumed by the appraiser.

7. The appraiser assumes that there are no hidden or unapparent conditions of the property, subsoil, or structures, which would render it more or less valuable.  The appraiser assumes no responsibility for such conditions, or for engineering or testing, which might be required to discover such factors.  This appraisal is not a home inspection or environmental assessment of the property and should not be considered as such.

8.  The appraiser specializes in the valuation of real property and is not a home inspector, building contractor, structural engineer, or similar expert, unless otherwise noted.  The appraiser did not conduct the intensive type of field observations of the kind intended to seek and discover property defects.  The viewing of the property and any improvements is for purposes of developing an opinion of the defined value of the property, given the intended use of this assignment.  Statements regarding condition are based on surface observations only.  The appraiser claims no special expertise regarding issues including, but not limited to: foundation settlement, basement moisture problems, wood destroying (or other) insects, pest infestation, radon gas, lead based paint, mold or environmental issues. Unless otherwise indicated, mechanical systems were not activated or tested.

This appraisal report should not be used to disclose the condition of the property as it relates to the presence/absence of defects.  The client is invited and encouraged to employ qualified experts to inspect and address areas of concern.  If negative conditions are discovered, the opinion of value may be affected.

Unless otherwise noted, the appraiser assumes the components that constitute the subject property improvement(s) are fundamentally sound and in working order.

Any viewing of the property by the appraiser was limited to readily observable areas.  Unless otherwise noted, attics and crawl space areas were not accessed.  The appraiser did not move furniture, floor coverings or other items that may restrict the viewing of the property.

9. Appraisals involving hypothetical conditions related to completion, new construction, repairs or alteration are based on the assumption that such completion, alteration or repairs will be competently performed.

10. Unless the intended use of this appraisal specifically includes issues of property insurance coverage, this appraisal should not be used for such purposes.  Reproduction or Replacement cost figures used in the cost approach are for valuation purposes only, given the intended use of the assignment.  The Definition of Value used in this assignment is not consistent with the definition of Market Value for property insurance coverage/use unless otherwise stated by the appraiser.

### Additional Comments Related To Scope Of Work, Assumptions and Limiting Conditions



## ADDENDUM

| | |
|---|---|
| Client:  Attorney Michael G. Weller | File No.:  14-13R |
| Property Address:  10298 Greenbush Road | Case No.:  14-13R |
| City:  Camden | State:  OH      Zip:  45311 |

**Site Comments**

The subject property is located in southeastern Preble County, in Gratis Township.  The subject area is predominantly agricultural, with single-family dwellings interspersed throughout the market area.  The subject is located less than 1/4 mile from the Preble/Montgomery County line, and is approximately five minutes west of Germantown City in Montgomery County. The larger Eaton and Middletown Cities are within fifteen minutes of the subject, and provide access to most services and amenities. State Route 725 is minutes north, and provides access to the interstate system. The subject is located in the Preble Shawnee School District, considered to be of average quality.

SUBJECT PROPERTY PHOTO ADDENDUM

| Client: Attorney Michael G. Weller | File No.: 14-13R | |
|---|---|---|
| Property Address: 10298 Greenbush Road | Case No.: 14-13R | |
| City: Camden | State: OH | Zip: 45311 |

**FRONT VIEW OF
SUBJECT PROPERTY**

Appraised Date: January 15, 2014
Appraised Value: $75,000

**REAR VIEW OF
SUBJECT PROPERTY**

**STREET SCENE**

| Client:   Attorney Michael G. Weller | File No.:   14-13R |
|---|---|
| Property Address: 10298 Greenbush Road | Case No.: 14-13R |
| City: Camden | State: OH   Zip: 45311 |

Subject side view

LOCATION MAP

| Client:  Attorney Michael G. Weller | File No.:   14-13R |
|---|---|
| Property Address: 10298 Greenbush Road | Case No.:  14-13R |
| City: Camden | State: OH | Zip: 45311 |

